Ready for the next case. It's the U.S. v. Sabahi. You may be seated. We're ready. Ms. Araneta? Good morning, Your Honors. May it please the Court, I am Georgiina Araneta, and I represent Mr. Al Sabahi in this appeal. The appeal before you this morning can basically be broken down into two portions. How to define an illegal or alien and who should decide, the judge or jury, the second being the sufficiency of the evidence that was presented at trial. Concerning the sufficiency of the evidence, the jury was not permitted to decide if Mr. Al Sabahi was illegally and unlawfully in the U.S. This was the first element to all the counts against Mr. Al Sabahi. Plus, defense counsel or defense was prohibited by the district court to even present evidence contravening the court's finding or if they try to rebut it before the jury. Count one involved a February . . . What fact do you think there was that the jury would have to decide, a fact finder would have to decide, as to whether or not he was authorized to be in the country? Well, they would have to define if he was in the U.S. unlawfully. Unlawfully. But what fact? No, you mean the jury would define what the law is? Where does that come from? That's not . . . the court defines what the law is. This is where the confusion is. I'm not confused. I'm asking you. I'm not confused. I ask you once again, what fact do you think is it necessary for a fact finder to decide for this determination? Whether the defendant was illegally in the U.S. It's a question of law, unless you point to a fact. It might be a question of fact if the law were this. At least I think this is the way it works. If in fact, let's just say hypothetically, had he filed Form 1 by January the 1st, he would be in the country legally. He could have claimed he filed it before January the 1st. The government could claim he didn't file it until after January the 1st. That could be a fact question for the jury to decide. Did he meet that predicate? They have to decide that fact. But on what authority do you have, once we know the undisputed facts surrounding the law, that the jury decides the law? That would be for the court to decide. Okay. Well, then I would like to rephrase it and suggest that the jury should decide whether he had legal presence in the U.S. Legal presence, that's a question of law. Well, that is what I believe is in dispute. That's a difficulty, I think, because you still haven't told me, all right, let's just try to make nothing too technical. What fact, not legal status, but what fact was necessary to your assertion of legal status? What fact was there that was in dispute? That if the fact had gone differently, you would have won than the way you think it apparently turned out. What fact is in dispute? The jury is a fact finder, so what fact is it you want them to find? Whether the client, once again, had legal presence because he was an NSEERS registrant, he had a pending adjustment of status application. That's a question of law. It could be a question of was he physically present would be a question of fact. But tell me what question you think the jury had to decide whether or not he had, say that again. You state it for me so I don't understand. Right, so basically whether he had, by fact of the NSEERS registration, adjustment of status application, fact he had open removal proceedings. The jury would be asked what? We want you to tell us, since he meets these conditions, does that qualify under the law to grant him a status? Whether he was here with legal presence because that is one of the elements of the offense. It's written out in the statute. There are three elements to the offense. One is whether . . . He did not have legal status or he did not have legal status under the guidelines of the Department of Justice on immigration. Correct. Let me see if I can simplify it. Who has the right to determine whether an I-485 protects him from being charged as an illegal alien in possession of a weapon? Well, in personal opinion, and I will just say this, in addition to federal criminal defense, I also practice immigration law and have practiced it for more than 20 years. When I first saw this whole case, to me it defied all common sense. As an immigration law practitioner, to me common sense dictates a person who is in our country with government permission . . . Unfortunately, there is not case law specifically to support that point, but just based on common sense. To me, I just could not believe that a person with all those conditions, including an NSEERS registrant . . . The statute requires that he have legal status or legal presence. And, it's my argument that he has legal presence in this country. And, if he has legal presence, then he cannot have been determined to have violated 922 G5A. And, part of that goes to the fact that the statute is clear as to who are the prohibited parties. And, that does include an alien who is illegal or unlawfully in the U.S. However, as was noted in the 8th Circuit case of Ochoa, it was ATF who created the regulations defining what is an illegal or unlawful alien. And, even that decision in a footnote noted that ATF . . . Because, and again, and I know you're aware that the case law does not support me on this. There hasn't been a decision yet, but we don't know yet if that will come to fruition. are not permitted to have driver's licenses. And so, that whole issue is in big dispute right now. And, I also made reference to some of the expert opinion reports where they discuss . . . You don't have any law to support your position. Exactly. I do not. There's law contrary to your position, isn't there? That is correct, Your Honor. And, that's why . . . Sometimes, you have to swim upstream, I think. Right. And, again, I viewed it from all my years of experience. I'm also board certified in immigration law. And, to me, it just defied and defies all common sense. Let me ask you this, just as an aside. You've practiced immigration law for a long time. Yes. Do you think common sense controls much of that? I've written opinions on it, and I don't know. But, it seems to me that there's room for that question. That's a very astute observation, yes. But, anyway, so we do . . . separate and apart from that, there is the whole issue of the sufficiency of the evidence that was presented at trial. I just want to be sure I have it clear in my mind. So, the fact is, if we don't see the law as you see the law, then your argument about that he was here lawfully and, therefore, could not be charged, you would not win on that point. Correct. Okay. But, you will move on to sufficiency now. Exactly. Okay. Thank you. So, basically, my client was charged with four separate counts. The jury found him guilty of three. The first one involved a 2007 February incident and a convenience store. It was called Scooters and was owned by a man named Ali. At trial, defense attempted to introduce a 9-11 report that indicated that a Scooters employee had tried to report an incident involving the Pepsi people. The implication was that it was the defendant who had called to report the incident because testimony indicated that there was only one employee working at the time. It was also attempted to be introduced to show that if the defendant had really placed the gun on the counter to threaten the Pepsi agent or representative, why would he also have called the police? This 9-11 report also is important because it showed another important fact that goes to count two. You're making a sufficiency argument, aren't you? Yes, I am. So, a sufficiency argument isn't based on what's not in the record. It's based on what's in the record. I understand. Is your argument that there's not enough evidence in the record from which a jury could convict him? It's my submission that there was a lot of contradictory evidence. It doesn't make any difference, though, does it? Almost every case has contradictory evidence or else you get a 12B6 motion granted like the last case, I think. But every case has contradictory evidence. The question of a sufficiency argument doesn't have anything to do with the strength of your evidence or what's not in the record. It's a question of is there sufficient evidence in the record to support the conviction. Right. I understand. But also part of our appeal had to do with the fact that the judge overruled our objection to not allow the 9-11 report in. Because the 9-11 report created reasonable doubt as to some of the incidents concerning count two, which was whether Ali, who was the owner of the gold Toyota, ever drove that car. And the court said that that report could not be introduced to the jury because it would be confusing and it would be a waste of time. However, that report refuted one of the government witnesses who testified that the defendant always drove this gold Toyota. The report indicated that the day of the Pepsi incident, Ali, the owner of the gold Toyota, had driven the car. And they also had testimony from another government witness who testified that he always saw the defendant driving the car. So here was a report that contradicted what the government was presenting and the judge would not allow it in. While at the same time, when the government introduced traffic citations showing that the defendant, in May of 2007, was driving the gold Toyota, was not permitted. Whereas when the defense wanted to introduce a report showing that another party was driving it, the defense was not allowed to introduce that into evidence. You framed the error in terms of sufficiency of the evidence, not that the judge erroneously ruled, didn't you? That is correct. So why do we need to talk about what he wouldn't let in, rather than just looking at the record as to what was in the record in assessing sufficiency? Well, in my opinion, it was in the record because there's a transcript discussing the whole part of trying to introduce it and the judge's ruling that it was not allowed to be heard. This was just heard outside of the realm of the jury. Did you challenge that as a separate error in the trial? Well, we objected. So, yes, it was. Did you appeal? Did you make that argument on appeal? Well, I incorporated it into the sufficiency of the evidence. I take that to mean you didn't. You didn't make an objection saying . . . you did not appeal saying he made an evidentiary ruling. Correct. But you just talk about it in terms of sufficiency. Correct. There was also count three, which was a very confusing discussion with all the government witnesses. The essence of it is that the government put on a witness, and the witness was a former employee of the Scooter's store, and this former employee testified to three different receipts that had been altered in one way or another, and all three receipts had always remained in the possession of the man named Ali, who was the owner of the store. And Ali is the one who gave all the receipts to the government. And the witness, who supposedly signed the receipts, admitted that there were many alterations to all three of the different receipts. Some, for example, were notarized a year later. Some also were witnessed by people who actually did not witness him signing the receipt. So it's my argument that these different conflicting receipts, the conflicting testimony, because Mr. Lee admitted that one receipt he did not sign, whereas Ali testified that he was present when Lee wrote the receipt. So it's our position that the government did not put its burden of proof on the charges of the indictment. Thank you. Thank you very much. Okay. Mr. Rogers. Good morning. May it please the Court, my name is Joshua Rogers, and I represent the United States. There are three critical facts that determine the outcome of defendant's first issue. The first is the defendant came here on a student visa, he allowed it to expire. After he allowed it to expire, he stayed here for several years without adjusting his status. And the third thing is he possessed firearms on at least three different occasions during that time period. Under the law of every circuit, and I won't belabor the point because I think we've gotten to it, there's no basis for the district court to have granted the defendant's motion to dismiss the indictment. In fact, as our 28J letter pointed out, a panel of this court recently found that. So I'll just . . . I can move on. Unpublished decision. Yes, sir, it is. So I will . . . I do want to go back to something the defendant said based on her common sense. I think it's important to look at common sense. If we look at this from a position of common sense, this is like a job applicant saying, I put in my job application, therefore I should be able to run the building of the place I want to work. Just because you put in an application of any particular kind does not mean you necessarily have a right to be somewhere. And that's the case in every circuit for any defendant who has not filed for an adjustment of status and received it. So I can move on from that point. In the key there, you swallowed it, and has received it. Yes, sir. I do think it is worth noting that the two most helpful cases the defendant cites to were overruled by subsequent circuit court opinions, and defendant doesn't point that out, which is troubling. Defendant also made reference to the idea that district courts have no jurisdiction over this particular type of finding. Well, they don't have jurisdiction over removal, but district courts don't have to get a preliminary finding from an ambition judge as to whether an alien is illegal. And on that point, I do think it's almost inflammatory to say the judge took from the jury an issue that was solely within their discretion, because in fact, on 497 through 98 of the JA, the court did give the jury the issue of, was the defendant an alien, and walked through what the definition of it was. So that was for the jury to decide, and the court allowed the jury to decide it. Did he let the jury decide the status of the alien? No, Your Honor. That's her argument, isn't it? Right. By the way, it may be wrong, but what's inflammatory about that? If that's inflammatory, maybe it is, but you ought to come by the courthouse. It's on fire most days. And she just claimed, and she could absolutely be wrong. She somehow, and I think I asked her a question to maybe suggest that I didn't understand her argument on that point or didn't accept it. She thinks somehow the jury should make a factual finding of whether or not he actually had permission to be in the country. You don't think that's a fact for the jury. No, Your Honor. The judge didn't let the jury decide that. Correct. She's essentially asking the court to let the jury be the Fourth Circuit. And all the circuits that have spoken to this in the Fourth Circuit and unpublished opinion is indicating the defendant has a losing argument here. I do think that it's interesting to note for the court that . . . That's just sufficiency arguments. With regard to the sufficiency arguments, they all really boil down to a request that this court question the credibility of the United States witnesses. That's not the place of an appellate court, and with regard to this 9-1-1 argument . . . I don't think you phrased that right. It's not question the credibility, and it reject the credibility. Because we could question it, and the jury could still believe them. Her argument is that the evidence you put in the record for some reason necessarily fails to support a verdict. Isn't that sort of the twist on it? Yes, Your Honor. But with regard to every count, there was more than enough evidence. I can walk through it for the court if the court likes. Okay. I won't . . . I'll let you finish it. Okay. By the way, Your Honor, you made your argument in your brief, so we have that, too. But I'll just let you make any final arguments you want to make on those points. I just do want to note . . . I think it's interesting to point out the defendant makes a lot of the defendant's employment authorization documents, which that argument's actually been rejected by the Eighth and the Fourth Circuit in an unpublished opinion. I think it's worth noting the employment authorization card is not in the record. And it probably was a pretty good decision not to put it in there. Because if that card is like all the millions of others that are out there, then on the back it says that it's not evidence of U.S. citizenship or permanent residence. Basically, this defendant doesn't have any argument that they've made on appeal that will hold water. And as a result, we would ask this court to affirm the judgment of the district court. Okay. Thank you very much. Ms. Araneta, you reserve some time. Thank you. It's not necessary for me to take the full five minutes. But basically, I wish to reiterate the distinction between legal presence and legal status. Once again, our country right now is going through some changes where legal presence is becoming an issue. There are some cases, though, contrary to what the government council said, talking about legal status. And people who have been given TPS, which is temporary protected status, those people are considered in lawful status. And even though they may not be permanent residents, even though they may not be citizens. And then also in some of the expert reports from the Arizona case, they talk about people, for example, who are granted certain types of immigrant visas. For example, the U visa, and that's for victims of domestic violence. Those people are given a temporary visa. They're given a work permit. As are people with TPS. They're given a work permit. And so to me, there isn't a distinction. Those people all have legal presence. And again, this may be more of a futuristic argument because this issue concerning legal presence versus legal status is starting to go through the courts since the government has passed the deferred action for childhood arrivals. And they have been discussing this whole issue of legal presence versus legal status. And once again, I go back to the point that ATF, what they have produced and how they have defined it, those are just regulations. They are typically not involved with immigration law. And I believe that their regulations are not fully supported by how the law is right now or how it will be in the future. Thank you. Thank you very much, too. And we note, Ms. Aranita, that you were court appointed. We appreciate the fact that you've taken a court appointment to argue for the client in this case. We have to have both sides presented. We thank you for accepting that responsibility. You need a break, Henry. You need a break. We're going to step down Greek Council and go directly to the final case for the day.
judges: Dennis W. Shedd, Henry F. Floyd, Joseph R. Goodwin